# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1587V
Filed: February 5, 2018
UNPUBLISHED

| | |
|---|---|
| STACEY NASH,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Caroline Noel Valentino*, Oakland, CA, for petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 29, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") caused by her January 3, 2013 influenza ("flu") vaccination. Petition at 1. On June 27, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 49.)

### I.    Procedural History

On January 15, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 52.) Petitioner requests attorneys' fees in the amount of $45,051.00 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $427.00.  (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  (*Id.* at 2.)  Thus, the total amount requested is $45,478.00.

On January 26, 2018, respondent filed a response to petitioner's motion.  (ECF No. 53.)   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3.)

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## II.     Legal Standard for Awarding Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  Petitioner in this case was awarded compensation; she is therefore entitled to an award of reasonable attorneys' fees and costs.[3]

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  (*Id.* at 1348.)

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting

---

[3] In addition, § 300aa–15(e)(3) states that "[n]o attorney may charge any fee for services in connection with a petition filed under section 300aa–11 of this title which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)."  This would include any amounts requested by counsel that the undersigned finds non-compensable.

2

*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06–559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez*, 2009 WL 2568468, at *8. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. *See, e.g., Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2008 WL 5456319, at *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008).

In determining a reasonable number of hours expended, a line-by-line evaluation of the fee application is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### III.     Appropriate Hourly Rates

Petitioner requests compensation for Ms. Valentino at a rate of $375 per hour for time billed in 2013 and 2014; $400 per hour for 2015 and 2016; and $425 per hour for 2017 and 2018. (ECF No. 52-1 at 15.) Due to Ms. Valentino's inexperience in the Vaccine Program[4], the undersigned does find cause to reduce the hourly rates to $350 an hour for time billed in 2013 – 2015 and to $385.00 for time billed in 2016 - 2018.[5]

---

[4] Ms. Valentino's inexperience with the Vaccine Program is readily observed upon review of her billing records. Examples include entries at 01/07/16 "…[l]egal research as to required future filings and significance of SPU assignment…" (1.00 hours); 04/03/17 "Review of other vaccine case settlement amounts in filed cases on court website and other attorney websites and compare to our fact patterns and damages claims" (1.80 hours); 01/08/18 "Telephone call to counsel in plaintiff bar re fees" (0.25 hours) (ECF No. 52-1 at 3, 12, 15.)

[5] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for 2015-2016 and 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch v. Sec'y Health & Human Servs.*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (noting that vaccine attorneys with over 20 years of experience should receive between $350 and $415 per hour, and further noting that higher rates

The undersigned finds that the proposed paralegal rate of $145 per hour is reasonable. Therefore, attorneys' fees **requested are reduced by $3,071.00**.

### IV. Reasonable Hours

Upon review of the billing records, the undersigned finds several reductions necessary. These reductions are each discussed in turn as follows.

Petitioner's counsel was required to refile petitioner's medical records due to failure to comply with the court's filing requirements. (See Scheduling Order (Non-PDF), 2/26/2016; Order Striking 7 Notice of Intent to File on Compact Disc.) This caused duplicated effort. Therefore the undersigned will reduce the billing for tasks regarding the uploading and paginating medical records by 50%, **reducing the requested fees by $916.25.**[6] *See, e.g. Yang v. Sec'y Health & Human Servs.*, No. 10-33V, 2013 WL 4875120, at *5 (Fed. Cl. Spec. Mstr. Aug. 22, 2013) (holding that "petitioner's counsel's requests for attorneys' fees for work that was created by counsel's mistakes are unreasonable.")

The entry dated January 11, 2016, "Preparation, service and filing of Affidavit of Counsel Caroline Valentino" (ECF No. 52-1 at 3), was duplicated on the billing invoice for this date and the undersigned will reduce **requested fees by $192.50.**[7]

Ms Valentino billed 4.25 hours at the full hourly rate of $375 per hour for an appearance with petitioner. (ECF No. 52-1 at 1.) It appears this entry likely has travel time grouped together with her meeting with Petitioner, leaving no way to differentiate the time it took to travel from her office to Petitioner and the amount of time spent meeting with petitioner.[8] In the Vaccine Program, special masters traditionally have

---

should be reserved for attorneys with significant vaccine experience). *Accord Johnson v. Sec'y Health & Human Servs.*, No. 15-602V, 2017 WL 4210578 (Fed. Cl. Spec. Mstr. June 26, 2017) (reducing an attorney barred in 1972 from a requested rate of $415 per hour to $385 per hour for work performed in 2016 due to lack of prior vaccine experience). Ms. Valentino was barred in 1985 (ECF No. 52-4), thus during the pendency of this case (after 2015) she moved from the rate range for attorneys with 20-30 years of experience to the rate range for attorneys with 31+ years of experience as set forth in the above-discussed rate schedules.

[6] This total is calculated by dividing the already reduced rate by half and multiplying by the hours billed (attorney rate:$385 /2=$192.50*2.5 =$481.25; paralegal rate $145/2 = $72.50*6 = $435).

[7] This balance consist of the reduced rate of $385.00 for 0.50 hours.

[8] The undersigned notes that grouping multiple activities into single time entries is frowned upon and makes a line-by-line analysis nearly impossible. *See, e.g. Riggins v. Sec'y of Health & Human Servs.*, 9-38V, 2009 WL 3319818, *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009). Attorneys are advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Guidelines for Practice Under the National Vaccine Injury Compensation*

compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).[9]  As the majority of the entry would be reflected as travel time, the undersigned will consider the entry as travel and reduce the billable rate by 50%.[10]  Thus, the undersigned **reduces the fees request by $743.75.**[11]

The undersigned also notes that Ms. Valentino has billed for her time spent engaged in professional development relative to her inexperience with the Vaccine Program.  "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).  Ms. Valentino spent over 13 hours conducting research on vaccine procedures and past case settlements over the course of this case. The undersigned **reduces the fees request by $4,898.25.**[12]

### V.     Reasonable Costs

Petitioner request reimbursement for attorney costs in the amount of $427.29. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount sought.

### VI.    Conclusion

---

*Program* at 68 (available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf).

[9] However, the undersigned also recognizes that special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

[10] To the extent that the entry could be considered ambiguous and does not reflect travel time, the undersigned would consider the 4.25 hour meeting to be excessive and would reduce the hours by half in any event.

[11] This total  was calculated by dividing the already reduced rate by half and multiplying by the hours billed  (attorney rate:$350 /2=$175*4.25 =$743.75)

[12] This amount consists of 8 hours billed in 2013 at the already reduced rate of $350 and 5.45 hours billed during 2015 -2018, at the already reduced rate of $385 ($350*8 = $2800;  $385*5.45= $2098.25; $2800+$2098.25 =$4,898.25).

5

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs in the reduced amount of $35,656.25.

**Accordingly, the undersigned awards the total of $35,656.25[13] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Caroline N. Valentino.**

The clerk of the court shall enter judgment in accordance herewith.[14]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[13] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[14] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.